1  Ray E. Gallo (SBN 158903)
   rgallo@gallo.law
2  Gallo LLP
   100 Pine Street, Suite 1250
3  San Francisco, CA 94111
   Phone: 415.257.8800
4

5  Edward J. Wynne (SBN 165819)
   ewynne@wynnelawfirm.com
6  George R. Nemiroff (SBN 262058)
   gnemiroff@wynnelawfirm.com
7  WYNNE LAW FIRM
   80 E Sir Francis Drake Blvd, Suite 3G
8  Larkspur CA 94939
   Phone: 415-461-6400
9

10  Attorneys for Plaintiffs

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15  RAQUEL AGUILAR, JASWINDER S. BISLA,      Case No.  3:20-cv-00124-MMC
    SUKHBIR S. BRAR, DANIEL BUCK, ADAM
16  L. CARR, ASHOK CHAND, JAMES A.           Hon. Maxine M. Chesney
    CHAVEZ, MICHAEL COFFARO,
17  ALEXANDER J. CORREA, CLIFFORD DE         **FIRST AMENDED COMPLAINT**
    VERA, THOMAS B. DILLON, JODI C.
18  FORD, CHRIS R. GREEN, JEAN A. KUHN,
    STEVEN A. KUHN, KELLY LA RUE,
19  WINTON LAU, YONG H. LI, STACEY A.
    LIND, ELIZABETH L. MALDONADO, JOAN
20  E. MAROTTO, MICHELLE MCLEMORE,
    GREGORY L. MCSWAIN, CLARE
21  MEMORACION, IRVING A. NUNEZ,
    SOPHIA R. OJEDA, ASHLEY PARKER,
22  KATHERINE PEARSON, MELANIE J.
    PORTER, ERICK PORTUGAL, JEREMY
23  PUCKETT, GERARDO RAMIREZ, JOANIE
    M. ROLLINS, MUEYLIAM SAECHAO-
24  SURIGAO, PATRICIA SANDATE, ROBIN
    SCANTLAND, MICHAEL A. SHAW,
25  GABRIEL N. SIFERS, AMY SPOOR, LAURA
    A. SQUIREK, ANDREW STEVENSON,
26  ISRAEL TEE, SUMEER THAPAR, SHIRLEY
    TSE, KATHRYN S. TUEL, KIM N. WILCOX,
27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT T. WOLATZ, ROBERT WOODS,
SARAH WRIGHT, CALVIN Y. YEUNG,
MOISES D. ZAPATA, AND ROES 1-1,000,

            Plaintiffs,
      v.

WALGREEN CO., an Illinois Corporation, and
DOES 1-50, inclusive,

            Defendants.

**INTRODUCTION**

1.     The above-captioned plaintiffs, and each of them, including but not limited to those named as Roes 1-1,000 ("Plaintiffs") each worked as the "Store Manager" at a Walgreen Co. ("Walgreens") store in California. Notwithstanding their titles, Plaintiffs primarily performed hourly tasks like stocking shelves and cashiering. Plaintiffs did not regularly exercise independent judgment and discretion on matters of significance. California law entitles all such employees to overtime wages when applicable, to off-duty meal breaks, and to paid rest breaks. Plaintiffs regularly worked overtime without overtime compensation. Because Walgreens has failed to pay Plaintiffs their earned overtime wages, and has failed to provide legally required breaks, Walgreens owes Plaintiffs unpaid wages, penalties, interest, and their attorneys' fees.

2.     The allegations herein concerning each individual Plaintiff are true to the best of each Plaintiff's current knowledge and belief. The remainder are made on information and belief based on the investigation of counsel.

**PARTIES**

3.     Plaintiffs are individuals who worked as a Walgreens Store Manager in California within the applicable statutory limitations period.

4.     The following plaintiffs reside in California: Raquel Aguilar, Jaswinder S. Bisla, Sukhbir S. Brar, Daniel Buck, Adam L. Carr, Ashok Chand, James A. Chavez, Michael Coffaro, Alexander J. Correa, Clifford De Vera, Thomas B. Dillon, Jodi C. Ford, Chris R. Green, Jean A. Kuhn, Steven A. Kuhn, Kelly La Rue, Winton Lau, Yong H. Li, Stacey A. Lind, Elizabeth L. Maldonado, Joan E. Marotto, Gregory L. McSwain, Clare Memoracion, Irving A. Nunez, Sophia R. Ojeda, Ashley Parker, Katherine Pearson, Melanie J. Porter, Erick Portugal, Jeremy Puckett, Gerardo Ramirez, Joanie M. Rollins, Mueyliam Saechao-Surigao, Patricia Sandate, Robin Scantland, Michael A. Shaw, Gabriel N. Sifers, Amy Spoor, Laura A. Squirek, Andrew Stevenson, Israel Tee, Sumeer Thapar, Shirley Tse, Kathryn S. Tuel, Kim N. Wilcox, Scott T. Wolatz, Robert Woods, Sarah Wright, Calvin Y. Yeung, and Moises D. Zapata.

5.     Plaintiff Michelle McLemore resides in Georgia.

6.     The plaintiffs named herein and Roes 1-1,000 ("Plaintiffs") all worked as

Walgreens Store Managers in California within the applicable statuory limitations period (inclusive of all applicable tolling periods, including but not limited to all tolling resulting from the filing and continuation of the putative class actions *Morales v. Walgreens*, San Francisco Superior Court Case No. CGC-18-570597, and *Caves v. Walgreens*, U.S. District Court for the Eastern District of California Case No. 2:19-cv-02910). Each of Roes 1-1,000 at all relevant times primarily performed hourly tasks like stocking shelves and cashiering; did not regularly exercise independent judgment and discretion on matters of significance; are entitled to overtime wages when applicable, to off-duty meal breaks, and to paid rest breaks; regularly worked overtime without overtime compensation; and did not receive duty-free meal breaks or paid rest breaks. Pursuant to the April 30, 2020 stipulated Court order in this action, ECF Dkt. 27, Plaintiffs will amend this Complaint to allege the identity of each Roe plaintiff when ascertained.

7.    Walgreen Co., doing business as Walgreens, is an Illinois corporation with its principal place of business located at 200 Wilmot Road, Deerfield, IL 60015. Walgreens does business throughout California.

8.    The true names and capacities of persons, whether individual, corporate, associate, or otherwise, sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by these fictitious names. Plaintiffs are informed and believe that each of Does 1 through 50 is legally responsible in some manner for the unlawful acts referred to herein. Does 1-50 include, but are not limited to, Walgreens co-employers, predecessors, successors, parent and affiliate corporations, and officers, directors, and managers. Plaintiffs will seek to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when ascertained.

## VENUE AND JURISDICTION

9.    This action is before this Court as a result of Walgreens' notice of removal from the Superior Court of Calfornia in and for the County of Marin, ECF Dkt. 1.

## STATEMENT OF FACTS

10.    Walgreens is the second-largest pharmacy store chain in the United States.

11.    Plaintiffs customarily and regularly spent most of their worktime performing

nonexempt activities like stocking shelves, unloading trucks, unpacking boxes, cashiering, working as a pharmacist or pharmacy technician, or cleaning the store.

12.    Plaintiffs did not customarily and regularly exercise discretion and independent judgment on matters of significance while working as Walgreens Store Managers. Walgreens closely supervised Plaintiffs.

13.    Plaintiffs customarily and regularly worked at least eight hours on each workday as Walgreens Store Managers. Plaintiffs customarily and regularly worked overtime as Walgreens Store Managers.

14.    For their work as Store Managers, Walgreens paid Plaintiffs on a salary basis with no premium for overtime work.

15.    Walgreens willfully, intentionally, and knowingly did not provide Plaintiffs the required number of breaks including, without limitation, a 10-minute rest break for each and every 4 hours worked, a first duty-free meal period of not less than 30 minutes before working more than five hours, and a second duty-free meal period of not less than 30 minutes before working more than 10 hours per day.

16.    Walgreens willfully, intentionally, and knowingly did not provide Plaintiffs with statutorily compliant itemized wage statements.

17.    Walgreens willfully, intentionally, and knowingly failed to pay Plaintiffs their earned wages when due including, without limitation, premium wages for overtime and missed rest breaks and meal periods.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime
### (Lab. Code §§ 510, 1194 & 8 C.C.R. § 11070 ¶3(A))
### (By All Plaintiffs)

18.    Plaintiffs incorporate all preceding and subsequent paragraphs as though repeated here.

19.    California Labor Code § 510 and Wage Order 7-2001, 8 C.C.R. § 11070 ¶3(A), require an employer to pay overtime of:

　　　　　　a.    One and one-half times the employee's regular rate of pay for all hours

worked in excess of eight hours, up to and including 12 hours in any workday, for any work in excess of 40 hours in any work week, and for the first eight hours worked on the seventh consecutive day of work in a workweek; and

b.    Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any day, and for all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek.

20.    Plaintiffs are not exempt because, among other things, as Walgreens Store Managers they spent most of their time performing non-exempt duties and did not regularly exercise discretion and independent judgment on matters of significance.

21.    Pursuant to California Labor Code §§ 218.5 and 1194, Plaintiffs arre entitled to recove all overtime wages due to them, attorneys' fees, and costs. Each Plaintifff no longer employed by Walgreens additionally seeks penalties pursuant to Labor Code § 203.

22.    Pursuant to Labor Code § 218.6, Plaintiffs each request prejudgment interest on all wages from the date the wages were due and payable.

**SECOND CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**(Lab. Code 226.7, 512 &  8 CCR § 11070 ¶11)**
**(By All Plaintiffs)**

23.    Plaintiffs incorporate all preceding and subsequent paragraphs as though repeated here.

24.    Labor Code § 226.7 and 512 and Wage Order 7-2001, 8 C.C.R. § 11070 ¶11 require that employers provide non-exempt employees with a first meal period of not less than 30 minutes during which they are relieved of all duty before working more than five hours, and a second duty-free meal period of not less than 30 minutes before working more than 10 hours per day.

25.    To comply with the Labor Code, an employer must affirmatively relieve its employee of all duty during the meal period, relinquish control over the employee's activities, and permit the employee a reasonable opportunity to take an uninterrupted 30-minute break.

26.    Labor Code § 226.7(c) and Cal. Code Reg. tit. 8, § 11070 ¶11 require an employer fails to provide an employee a meal period as required to pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the required meal period is not provided.

27.    Plaintiffs are not exempt because, among other things, as Walgreens Store Managers they spent most of their time performing duties that qualify as exempt and/or they did not regularly exercise independent judgment and discretion on matters of significance.

28.    Because Walgreens misclassified Plaintiffs as exempt employees, Walgreens failed to provide Plaintiffs with the required meal periods or pay Plaintiffs the wages due for missed meal periods.

29.    Walgreens is therefore is liable to each Plaintiff for additional compensation pursuant to Labor Code § 226.7(c) and Wage Order 7-2001, 8 C.C.R. § 11070 ¶11(D).

### THIRD CAUSE OF ACTION
### Failure to Provide Rest Breaks
### (Lab. Code 226.7 &  8 CCR § 11070 ¶12)
### (By All Plaintiffs)

30.    Plaintiffs incorporate all preceding and subsequent paragraphs as though repeated here.

31.    Labor Code § 226.7(b) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable wage order. Wage Order 7-2001, 8 C.C.R. § 11070 ¶12(A) requires that an employer authorize and permit all employees to take one 10-minute rest period for every 4 hours worked, or a portion thereof, which insofar as practicable shall be in the middle of each work period.

32.    Plaintiffs are not exempt because, among other things, as Walgreens Store Managers, they spent less than fifty percent of their worktime performing duties that qualify as exempt and/or they did not regularly exercise discretion and independent judgment on matters of significance.

33.    Because Walgreens misclassified Plaintiffs as exempt employees, Walgreens failed to provide Plaintiffs with the required rest periods or pay Plaintiffs premium wages for

missed rest breaks.

34.    Labor Code § 226.7(c) and Cal. Code Reg. tit. 8, § 11070 ¶12(B) each require an employer who fails to provide an employee a rest break as required to pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the required rest period is not provided.

35.    Walgreens is therefore is liable to each Plaintiff for damages pursuant to Labor Code § 226.7(c) and Wage Order 7-2001, 8 C.C.R. § 11070 ¶12(B).

<u>**FOURTH CAUSE OF ACTION**</u>
<u>**Itemized Wage Statement Violations**</u>
<u>**(Lab. Code § 226)**</u>
<u>**(By All Plaintiffs)**</u>

36.    Plaintiffs incorporate all preceding and subsequent paragraphs as though repeated here.

37.    Labor Code § 226(a) requires employers paying employees to give each employee an accurate itemized written statement showing, among other things: (1) gross wage earned, (2) total hours worked, (3) all deductions, (4) net wages earned, and (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate. Walgreens knowingly and intentionally failed to provide timely, accurate, itemized wage statements that included all of this information.

38.    Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

39.    As a direct and proximate result of Walgreens' conduct, each Plaintiff has been injured by, among other things, not being paid all wages due, and not knowing how many hours he or she worked and at what rate(s), and has been required to file this action to recover his or her wages and penalties. Plaintiffs are entitled to recover the damages or penalties provided by Labor Code § 226(e), including interest thereon, attorney's fees, and costs.

**FIFTH CAUSE OF ACTION**

**Waiting Time Penalties (Lab. Code §§ 201-203)**

**(By the Former Employee Plaintiffs Only)**

40.     Plaintiffs incorporate all preceding and subsequent paragraphs as though repeated here.

41.     Certain of the Plaintiffs are no longer employed by Walgreens (the "Former Employee Plaintiffs"). Labor Code §§ 201 and 202 require Walgreens to pay its employees all wages due immediately upon discharge, or within seventy-two (72) hours of quitting without notice. Labor Code § 203 requires an employer that willfully fails to make such timely payment, as a penalty, to continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days' wages.

42.     The Former Employee Plaintiffs' employment with Walgreens ended without Walgreens paying them the overtime and meal period wages that are due to them within the time required by Labor Code §§ 201 and 202. The Former Employee Plaintiffs did not secret or absent themselves to avoid being paid their final wages. Walgreens' failure to pay these wages is and has been willful.

43.     As a result of Walgreens' conduct, each Former Employee Plaintiff is entitled to waiting time penalties of up to thirty (30) days' wages under Labor Code § 203, interest thereon, and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**Violations of Bus. & Prof. Code § 17200, *et seq.***

**(By All Plaintiffs)**

44.     Plaintiffs incorporate all preceding and subsequent paragraphs as though repeated here.

45.     The Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* prohibits all unlawful, unfair, and/or fraudulent business practices.

46.     During the four-year period preceding the filing of this Complaint, and continuing to the present, Walgreens violated California Business and Professions Code §§ 17200, *et seq.* by, without limitation, violating the following statutes and wage orders:

    a.      Labor Code §§ 510 and 1194 (failure to pay all wages due, including overtime and double-time wages);

    b.      Labor Code §§ 226.7 and 512 (failure to provide meal periods and authorize and permit rest periods);

    c.      Labor Code §§ 201-203 (failure to pay all wages at time of discharge); and

    d.      Wage Order 7-2001, 8 C.C.R. § 11070.

47.    As a result, Plaintiffs have suffered injury in fact, lost wages, and are entitled to restitution of those wages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1.    For compensatory damages according to proof;

2.    For restitution of all wages, including premium wages, that have been illegally withheld;

3.    For prejudgment interest, including but not limited to as authorized by Labor Code §§ 218.6 and 1194(a), and Civil Code §§3287(b) and 3289;

4.    For an order requiring Defendant to pay all wages due as a result of Defendant's failure to provide Plaintiffs with required rest periods;

5.    For premium pay for meal periods and rest periods Defendant failed to provide pursuant to Labor Code § 226.7(c) and the applicable wage order;

6.    For damages sustained and/or penalties for not receiving accurate wage statements pursuant to Labor Code §226;

7.    For penalties equal to one day's wages for each day that payment was delayed, up to 30 days, pursuant to Labor Code §203;

8.    For an injunction requiring Walgreens to pay its employees in accordance with California law and prohibiting it from engaging in the above-alleged unlawful and unfair practices;

9.    For other penalties and liquidated damages as alleged herein;

10.    For attorneys' fees and costs pursuant to all applicable laws, including but not

limited to Labor Code §§ 218.5, 226(e), and 1194, Civil Code Section 1021.5, and

the common law private attorney general doctrine; and

11.    For such other and further relief as the Court deems just and proper.

DATED:  May 4, 2020                                          RESPECTFULLY SUBMITTED,

                                                                        GALLO LLP
                                                                        THE WYNNE LAW FIRM

                                                  By: _____
                                                                        Ray E. Gallo
                                                                        Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2

3    Plaintiffs  hereby demand a jury trial of all issues, matters, and claims so triable.

4

5    DATED:  May 4, 2020                              **GALLO LLP**

**THE WYNNE LAW FIRM**
6

7                                              By:  _____

8                                              Ray E. Gallo
Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28