IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL AGUILAR, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WALGREEN CO.,<br><br>　　　　Defendant. | Case No. 20-cv-00124-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO AMEND; VACATING HEARING** |

　　　　Before the Court is plaintiffs' Motion, filed July 13, 2020, to amend their operative complaint, the First Amended Complaint ("FAC"). Defendant has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 21, 2020, and rules as follows.

　　　　In said complaint, plaintiffs, who are 51 individuals who have worked as "Walgreens Store Manager[s] in California," allege that, "[n]otwithstanding their titles," they "primarily performed hourly tasks like stocking shelves and cashiering" (see FAC ¶ 1), and that, as a result of defendant's having misclassified them as managers, defendant has not paid them for overtime hours worked or provided them with the requisite number of rest breaks and meal periods.

　　　　By the instant motion, plaintiffs seek leave to file a Second Amended Complaint ("Proposed SAC") for the purpose of adding class action allegations. Specifically, plaintiffs, in addition to asserting their own individual claims as alleged in the FAC, seek to proceed on behalf of a putative class of "[a]ll individuals employed by Walgreens as a

Store Manager or the functional equivalent however titled in California." (See Proposed SAC ¶ 19.)[1] Although plaintiffs acknowledge that an earlier-filed putative class action asserting claims on behalf of Walgreens Store Managers is pending in the Eastern District of California, namely, Caves v. Walgreens Co., Civil Case No. 2:18-cv-2910-MCE-DB,[2] plaintiffs contend the parties in Caves have reached a settlement on behalf of the putative class that is "woefully inadequate" (see Pls.' Mot. at 1:14-15) and that the plaintiffs in Caves are "not capable of adequately representing" the class (see id. at 2:7-10). As a consequence, plaintiffs argue, they should be allowed to proceed on behalf of the putative class in the instant action.

Although a court "should freely give leave [to amend] when justice so requires," see Fed. R. Civ. P. 15(a)(2), the Court finds the proposed amendment is not in the interests of justice. In particular, allowing plaintiffs in the instant action to file what would be a duplicative class action complaint would, as set forth below, run afoul of the "first-to-file" rule.

The "first-to-file rule" allows a district court to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991). The rule was "developed to serve the purpose of promoting efficiency" and "should not be disregarded lightly." See id. at 625 (internal alteration, quotation and citation omitted). In this instance, the initial complaint in Caves was filed more than a year before the initial complaint here, the operative complaint in Caves and plaintiffs' Proposed SAC assert the same misclassification claim, and the parties, i.e., the putative classes, are the same. See id. (holding first-to-file rule applies "when a complaint involving the same parties and

---

[1] The Proposed SAC is filed as Exhibit 7 to the Declaration of Edward J. Wynne.

[2] Plaintiffs acknowledge another putative class action asserting claims on behalf of Walgreens Store Managers is pending in the Superior Court in and for the County of San Francisco, specifically, Morales v. Walgreen Co., Case No. CGC-18-570597, which action has been stayed in favor of Caves.

1  issues has already been filed in another district"); Bodley v. Whirlpool Corp., 2018 WL
2  2357640, at *2 (N.D. Cal. May 24, 2018) (holding, when applying first-to-file rule to
3  putative class action complaints, courts "compare the classes, not the class
4  representatives").

5      Although a court may, in its discretion, "dispense with the first-filed principle for
6  reasons of equity," see Alltrade, 946 F.2d at 628, the Court discerns no basis to do so
7  here.  The issues raised by plaintiffs in the instant motion, specifically, that the proposed
8  class settlement in Caves is inadequate and that the plaintiffs in Caves are not adequate
9  representatives, are issues to be determined by the Eastern District of California in the
10 context of a motion to approve the settlement, not by this Court in the context of a motion
11 to amend or otherwise.

12     Accordingly, the motion to amend is hereby DENIED.
13 **IT IS SO ORDERED.**

15 Dated: August 12, 2020

MAXINE M. CHESNEY
United States District Judge