UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL AGUILAR, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WALGREEN CO.,<br><br>　　　　Defendant. | Case No. 20-cv-00124-MMC (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 45 |

　　　Third party Allison C. Eckstrom and Plaintiffs filed a joint discovery letter in which Eckstrom moves to quash two subpoenas served by Plaintiffs. [Docket No. 45.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-2(b).

　　　In the joint letter, Eckstrom, who is counsel for Defendant Walgreen Co. ("Walgreens"), seeks to quash subpoenas seeking documents related to a different lawsuit against Walgreens, *Caves v. Walgreen Co.*, No. 2:18-cv-02910-MCE-DB, which is currently pending in the United States District Court, Eastern District of California. Specifically, the subpoenas seek records in the possession of Eckstrom's law firm relating to the proposed settlement of and discovery in *Caves*. Eckstrom moves to quash the subpoenas, arguing that Plaintiffs cannot establish the propriety or need for the subpoenas.

　　　Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Federal Rule of Civil Procedure 26 provides

　　　　　Parties may obtain discovery regarding any nonprivileged matter that

> is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). "Of course, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'" *Del Campo v. Kennedy*, 236 F.R.D. 454, 458 (N.D. Cal. 2006) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales*, 234 F.R.D. at 680 (citation omitted).

Additionally, courts in this district have recognized that discovery from opposing counsel is permissible only "under limited circumstances" and applied the standard set out by the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *See, e.g., Flotsam of Cal., Inc. v. Huntington Beach Conference & Visitors Bureau*, No. C06-7028 MMC MEJ, 2007 WL 4171136, at *1 (N.D. Cal. Nov. 26, 2007). Under that standard, a party seeking discovery from opposing counsel must demonstrate that "(1) no other means exist to obtain the information . . . ; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *See Shelton*, 805 F.2d at 1327.

The court finds that Plaintiffs have failed to establish the propriety of the subpoenas under either standard. Specifically, under both Rule 45 and *Shelton*, Plaintiffs must establish that the documents they seek are "relevant to any party's claim or defense." Plaintiffs state only that they are "seeking information to evaluate the proposed settlement" in *Caves*, and admit that they "do not purport to use the information [sought by the subpoenas] to prove liability . . ." Jt. Letter 4. They make no attempt to explain how documents related to the settlement in *Caves* and documents

1  produced in discovery in *Caves* are relevant to the claims or defenses *in this case*.  Accordingly, as
2  Plaintiffs have failed to establish that the requested documents satisfy Rule 26's relevance
3  requirement, the subpoenas may not be enforced.  They are accordingly quashed.

5  **IT IS SO ORDERED.**

6  Dated: September 15, 2020



Donna M. Ryu
United States Magistrate Judge

3